# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2012

No. 12-60265
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL ANTHONY KING,

Plaintiff-Appellant

v.

W. W. GRAINGER INCORPORATED,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:11-CV-16

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Appellant Michael King, proceeding pro se, appeals the district court's grant of summary judgment in favor of Appellee W. W. Grainger, Inc., on King's Title VII sex discrimination claim. King is a former employee of Grainger in its outbound department. King's employment was terminated after, according to Grainger, he was observed idling and socializing during a Saturday on which he and others had been asked to work overtime. Grainger also contends that King

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60265

sat on a conveyor belt that day, in violation of a company safety rule. In response, King argues that his termination was improper because Sheena Ward and Carolyn Lake, two employees from another department who had volunteered to help the outbound department that Saturday, had also been seen idling, socializing, and leaning against a conveyor belt, yet the two women were not terminated. A magistrate judge issued a Report and Recommendation recommending summary judgment to Grainger on the ground that King could not establish a prima facie case of sex discrimination under Title VII. In particular, the magistrate judge determined that Ward and Lake were not "similarly situated" to King. The district court approved and adopted the Report and Recommendation. For the reasons that follow, we AFFIRM.

As a general rule, we review a district court's grant of summary judgment *de novo. Noble Energy, Inc. v. Bituminous Cas. Co.*, 529 F.3d 642, 645 (5th Cir. 2008). However, as Grainger correctly argues, where an appellant has failed to timely file written objections to a magistrate judge's proposed findings, conclusions, and recommendation, we review all unobjected-to factual findings and legal conclusions accepted by the district court under a plain error standard, assuming the appellant was previously given notice that these consequences would result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Although we agree that the plain error standard of review applies here, we hold that King cannot prevail on his claim even under a *de novo* standard, and thus it is unnecessary to depend on plain error.

Based on our review of the record, we agree with the magistrate judge that King has failed to establish a prima facie case for sex discrimination under Title VII. One of the requirements for such a case is that the plaintiff demonstrate that "others similarly situated, but outside the protected class, were treated more favorably." *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

No. 12-60265

The evidence shows that King was not similarly situated to Ward and Lake. Ward and Lake were volunteers in outbound, whereas King was regularly employed in outbound and had even received one-on-one counseling with management regarding the importance of being especially productive that day. King was seen idling for a much longer period than Ward and Lake. Moreover, King had a different supervisor than Ward and Lake. Although King argues that for that particular Saturday, he, Ward, and Lake were supervised by only Ken Vinson, the record shows that the decision to sanction King came from Art Reyna and signed off by King's regular supervisor Laura Marinos, whereas the decision to sanction Ward and Lake came from the two women's regular supervisor James Phillips. Under the law of this circuit, employees "who are subjected to adverse employment action for dissimilar violations" and "[e]mployees with different supervisors" "are not similarly situated." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009). Thus, King cannot establish a prima facie case for Title VII sex discrimination.

Even if King could establish a prima facie case, and even under the best rendering of the evidence in his favor, he cannot prevail under Title VII on the basis of sex discrimination. Where a plaintiff succeeds in establishing a prima facie case for sex discrimination, "the burden shifts to the defendant to produce a legitimate, nondiscriminatory justification for its actions." *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). Grainger has presented ample evidence that it had legitimate, nondiscriminatory reasons for terminating King. This includes not only evidence of King's conduct on that particular Saturday, but also evidence of his previous sanctions and poor performance reviews. King's performance history is in contrast with Ward and Lake, whose supervisor decided to "lower [their disciplinary] action to a written [warning]" partly because the two had met or exceeded expectations during their last performance reviews.

No. 12-60265

King's only compelling argument for sex discrimination is that he and other male workers were terminated for their conduct that Saturday, while the two female workers who were disciplined for similar conduct received only written warnings. We liberally construe King's argument to concern pretext. If a defendant employer presents a legitimate, nondiscriminatory justification for an adverse employment action, the plaintiff is given a chance to prove that that justification "is a pretext for intentional discrimination." *Id.* For a plaintiff to prove pretext at summary judgment in an employment discrimination case, he or she "must do more than cast doubt on whether [the employer] had just cause for its decision; he or she must show that a reasonable factfinder could conclude that [the employer's] reason[] [is] unworthy of credence." *Moore v. Eli Lilly & Co.*, 990 F.2d 812, 815–16 (5th Cir. 1993) (internal quotations and citation omitted; alterations in original).

King's argument for pretext is lacking. Even if it is true that some male employees were fired while two female employees were retained, this evidence by itself is insufficient to prove pretext for intentional discrimination. King makes no attempt to explain why supervisors would be motivated to favor female employees over male employees. Nor has King presented any evidence or made any argument regarding a past history of differential treatment. Without more, the mere fact that two female workers were disciplined less harshly than some male workers is hardly sufficient to prove sex discrimination. This is especially true where the workers' conduct was different from one another and the sanctions placed on the female workers came from a different supervisor.

Further, King's argument for pretext does not withstand scrutiny. For one, King has failed to mention that of the four men he identifies who were terminated after that Saturday, one (Terry Mason) was actually reinstated. Another male worker, Prentiss Hamilton, was fired a month later and for conduct completely unrelated to the outbound department's activity that

4

No. 12-60265

Saturday. The remaining male worker, Ruben Williams, had also received sanctions and poor performance reviews at Grainger. We therefore are not convinced by King's argument for pretext.

In short, although King vaguely argues that he experienced "harassment" at Grainger, the harassment that Title VII is meant to remedy is more specific, namely discriminatory harassment on the basis of sex or another protected category. *See* 42 U.S.C. § 2000e-2. King has presented no viable evidence of Title VII sex discrimination. Although King disagrees with his former employer's action, discrimination laws were "not intended to be a vehicle for judicial second-guessing of business decisions, nor [are they] intended to transform the courts into personnel managers." *Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1165 (5th Cir. 1993) (internal quotations and citation omitted). Rather, our job is to determine whether Grainger's action violated a law. On these facts, the particular law that King has invoked does not provide him relief.

AFFIRMED.